UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER WILLIAMS** | **CIVIL ACTION** |
| **versus** | **NO. 13-5195** |
| **WARDEN BURL CAIN** | **SECTION: "N" (3)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner, Christopher Williams, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On July 20, 1989, he was convicted of first degree murder under Louisiana law.[1] On August 14, 1989, he was sentenced to a term of life imprisonment without benefit of probation, parole, or suspension of sentence.[2] Although the state court record does not contain a copy of the decision, it appears that the Louisiana First Circuit Court of Appeal amended

---

[1] State Rec., Vol. II of II, trial transcript, p. 981; State Rec., Vol. I of II, minute entry dated July 20, 1989.

[2] State Rec., Vol. II of II, transcript of August 14, 1989, p. 1; State Rec., Vol. I of II, minute entry dated August 14, 1989.

and then affirmed that state court judgment as amended on November 20, 1992.[3] It further appears that petitioner did not seek review of that judgment by the Louisiana Supreme Court.

On August 3, 1994, petitioner filed an application for post-conviction relief with the state district court.[4] That application was denied on September 12, 1994.[5] Petitioner's related writ applications were likewise denied by the Louisiana First Circuit Court of Appeal on February 13, 1995,[6] and by the Louisiana Supreme Court on February 21, 1997.[7]

In the interim, on January 17, 1997, petitioner had filed another application for post-conviction relief with the state district court.[8] That application was denied on June 2, 1997.[9] It appears that he did not seek further review of that denial.

---

[3] State v. Williams, 612 So.2d 1066 (La. App. 1st. Cir. 1992) (Table).

[4] State Rec., Vol. II of II. Federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). Because that date cannot be gleaned from the state court record with respect to the filings in this case, this Court will simply use the signature date of the applications as the filing date, in that the various applications were obviously placed in the mail no earlier than the date they were signed. In those instances where no signature date appears on a document and no other evidence is available, the Court will look to file-stamp placed on the document by the clerk of court. While these assumptions are somewhat imprecise, approximate filing dates are sufficient here because petitioner's federal application is untimely by more than a decade.

[5] State Rec., Vol. II of II, Order dated September 12, 1994.

[6] State *ex rel.* Williams v. State, No. 94 KW 2160 (La. App. 1st Cir. Feb. 13, 1995); State Rec., Vol. II of II.

[7] State *ex rel.* Williams v. State, 688 So.2d 531 (La. 1997) (No. 95-KH-1693); State Rec., Vol. II of II.

[8] State Rec., Vol. II of II.

[9] State Rec., Vol. II of II, Order dated June 2, 1997.

Petitioner then filed a motion in arrest of judgment with the state district court on June 19, 1998.[10] That motion was denied as untimely on December 3, 1998.[11] It appears that he did not seek further review of that denial.

While that application was still pending, petitioner filed a motion to correct illegal sentence with the state district court on July 9, 1998.[12] Although no order appears in the state court record, that motion was apparently denied shortly thereafter by the district court. Petitioner then sought review by the Louisiana First Circuit Court of Appeal, which likewise denied relief on August 28, 1998.[13] The Louisiana Supreme Court also denied his related writ application on February 26, 1999.[14]

On August 15, 2012, petitioner filed a petition for writ of *habeas corpus* with the state district court.[15] That petition was denied on September 20, 2012.[16] His related writ

---

[10] State Rec., Vol. II of II. "June 19, 1998" is the typewritten date that appears on the motion above petitioner's signature. Although that date seems suspect, in that it was long before the date of the file-stamp placed on the document by the clerk of court (which reflects a filing date of November 13, 1998), this Court will nevertheless use the June 19 date out of an abundance of caution.

[11] State Rec., Vol. II of II, Order dated December 3, 1998.

[12] State Rec., Vol. II of II.

[13] State *ex rel.* Williams v. State, No. 98 KW 1662 (La. App. 1st Cir. Aug. 28, 1998); State Rec., Vol. II of II.

[14] State *ex rel.* Williams v. State, 738 So.2d 1072 (La. 1999) (No. 98-KH-2637); State Rec., Vol. II of II.

[15] State Rec., Vol. II of II.

[16] Rec. Doc. 1-2, p. 20-22; Reasons for Judgment and Order dated September 20, 2012.

applications were then denied by the Louisiana First Circuit Court of Appeal on November 19, 2012,[17] and by the Louisiana Supreme Court on May 24, 2013.[18]

On July 11, 2013, petitioner filed the instant federal application seeking *habeas corpus* relief, claiming that his indictment was invalid.[19] The state argues that the federal application is untimely.[20] Although its analysis is somewhat flawed, the state's ultimate conclusion that the application is untimely is correct.

The instant petition is timely only if it was filed within the limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Specifically, the AEDPA generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment became "final."[21] However, with respect to prisoners, such

---

[17] State v. Williams, No. 2012 KW 1727 (La. App. 1st Cir. Nov. 19, 2012); State Rec., Vol. II of II.

[18] State *ex rel.* Williams v. State, 117 So.3d 99 (La. 2013) (No. 2013 KH 0067); State Rec., Vol. II of II.

[19] Rec. Doc. 1. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). That date is not evident from the record; however, the application was apparently received by the United States District Court for the Middle District of Louisiana on July 11, 2012, and later transferred to his Court. Although this Court is unable to determine the precise date on which petitioner's application was filed, precision is unnecessary here. Regardless of exactly when the application was given to prison authorities in 2012, it was clearly "filed" many years after the federal limitations period expired.

[20] Rec. Doc. 13.

[21] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

as Williams, whose conviction and sentence became final prior to the enactment of the AEDPA, a grace period applies and therefore the one-year statute of limitations normally begins to run in such cases on the AEDPA's effective date, April 24, 1996. Flanagan v. Johnson, 154 F.3d 196, 200-02 (5th Cir. 1998).

In the instant case, however, the limitations period did not in fact commence on that date due to tolling. The AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Here, prior to the AEDPA's effective date, petitioner had already filed his 1994 state post-conviction application. The federal limitations period was therefore tolled by that filing and remained tolled for the duration of the post-conviction proceedings, so long as petitioner sought supervisory review in a timely manner. Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769-71 (5th Cir. 2004). The state does not argue, and the record does not reflect, that petitioner's related writ applications were untimely. Accordingly, the Court will assume that, on the basis of that 1994 post-conviction application, the federal limitations period remained tolled until the Louisiana Supreme Court denied relief on February 21, 1997.[22]

Moreover, even when the Louisiana Supreme Court denied relief on that date, the limitations period still did not commence, because it had already once again been tolled by

---

[22] A petitioner receives no additional tolling credit for the period during which he could have sought review by the United States Supreme Court with respect to the denial of post-conviction relief. Lawrence v. Florida, 549 U.S. 327, 332 (2007); Ott v. Johnson, 192 F.3d 510, 512-13 (5th Cir. 1999).

petitioner's filing of another post-conviction application on January 17, 1997. As noted, that application was denied on June 2, 1997. Because petitioner did not seek review of that denial by the Louisiana First Circuit Court of Appeal, tolling finally ended on July 2, 1997, when his thirty-day period expired for seeking such review. Grillette, 372 F.3d at 770; Melancon v. Kaylo, 259 F.3d 401, 404-07 (5th Cir. 2001); Louisiana Uniform Rules of the Courts of Appeal Rule 4-3.

Based on the foregoing, the Court finds that petitioner's one-year federal limitations period commenced on July 2, 1997, and then expired on July 2, 1998, unless that deadline was extended by further tolling.

The only state application petitioner filed during that one-year period was the motion in arrest of judgment filed with the state district court on June 19, 1998. However, that application did not toll the limitations period because it was not "properly filed." The United States Supreme Court has conclusively held that "time limits, no matter their form, are 'filing' conditions"; when the state courts have rejected a state application as untimely, it cannot be considered "properly filed" so as to entitle the petitioner to statutory tolling. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). Simply put: "When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." Id. at 414 (internal quotation marks and brackets omitted). In that the state court expressly found that the motion in arrest of judgment was untimely filed and refused to consider it on that basis, petitioner cannot receive any tolling credit whatsoever for that application. See, e.g., Nellon v. Cain, Civ. Action No. 10-4430, 2012 WL 1142539, at *4 (E.D. La. Jan. 25, 2012), adopted, 2012 WL 1089232 (E.D. La. Mar. 30, 2012); Hartman v. Johnson, Civ. Action No. 11-13, 2011 WL 4443230, at *4 (E.D. La. Sept. 23, 2011); Price v. Cain, Civ. Action

No. 11-071, 2011 WL 2937287, at *3 (E.D. La. June 1, 2011), adopted, 2011 WL 2937285 (E.D. La. July 19, 2011); Lebanks v. Cain, Civ. Action No. 09-7709, 2010 WL 5055989, at *3 (E.D. La. Oct. 25, 2010), adopted, 2010 WL 5057424 (E.D. La. Dec. 6, 2010).[23] Because that application did not toll the limitations period, and because no other state applications for post-conviction or other collateral review were filed during that period,[24] no further *statutory* tolling is available.

The Court, however, must also consider *equitable* tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). That said, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances").

---

[23] However, even if petitioner were granted tolling for the time this motion was pending, his federal application would still be untimely.

[24] The only other application even possibly "filed" during this period was the motion to correct illegal sentence. As noted above, this Court cannot glean from the record when that undated motion was placed in the prison mailing system, but it was file-stamped by the clerk of court as having been filed on July 9, 1998. However, even if the application was in fact placed in the prison mail system, and therefore "filed," on or before July 2, 1998, petitioner's federal application is still clearly untimely. Even under that scenario, no tolling would be available because the Louisiana Supreme Court ultimately denied relief with respect to that motion on the grounds that the motion was untimely filed under La. Code Crim. P. 930.8. State *ex rel.* Williams v. State, 738 So.2d 1072 (La. 1999) (No. 98-KH-2637); State Rec., Vol. II of II. As already explained, statutory tolling cannot be granted based on an untimely filing. Moreover, even after that motion was denied, more than more than fourteen years elapsed before petitioner filed his next state application for post-conviction or other collateral review. That extended period alone would be more than sufficient to render the instant application untimely.

A petitioner bears the burden of proof to establish entitlement to equitable tolling. <u>Alexander v. Cockrell</u>, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Lastly, out of an abundance of caution, the Court notes that the United States Supreme Court recently held: "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." <u>McQuiggin v. Perkins</u>, 133 S. Ct. 1924, 1928 (2013). In the instant case, however, petitioner does not argue that he is actually innocent of the crime of which he stands convicted, much less submit any evidence to make a colorable showing of such innocence.

Because petitioner is not entitled to further statutory tolling, and because he has not established that he is eligible for equitable tolling or that the <u>McQuiggin</u> "actual innocence" exception applies, his federal application for *habeas corpus* relief had to be filed on or before July 2, 1998, in order to be timely. Because his federal application was not filed until July of 2013, it was filed more than fifteen years too late.

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Christopher Williams be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[25]

    New Orleans, Louisiana, this fifteenth day of November, 2013.

                                        **DANIEL E. KNOWLES, III**
                                        **UNITED STATES MAGISTRATE JUDGE**

---

[25] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.